Mumford v. Knox.

WILLIAM J. MUMFORD, Respondent, v. ROBERT A. KNOX *et al.*, Appellants.

Kansas City Court of Appeals, May 30, 1892.

Payment: LAND: MONEY. Plaintiff purchased forty acres of land from one S. with an incumbrance of $400 thereon in favor of defendant. Plaintiff then gave his note to defendant for $2,200, consisting of $1,400 due others, $400 to defendant's agent for forty acres sold to S. and $400 for this incumbrance, which note was accepted and paid. *Held*, the incumbrance was paid, and that in money, and not in land.

*Appeal from the Nodaway Circuit Court.* — HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*S. R. Beech* and *W. C. Frank,* for appellants.

(1)   Could Craig take payment of Knox's note in land, and bind Knox and discharge the debt thereby? The authorities answer in the negative.   *Wheeler & Wilson v. Givin,* 65 Mo. 89; *Smith v. Johnson,* 71 Mo. 382; *Martin's Adm'r v. United States,* 15 Am. Dec. 129–133; *Graham v. Savings Inst.,* 46 Mo. 186; 2 Daniels on Negotiable Instruments [2 Ed.] sec. 1245. (2)   If Craig took pay for Knox's debt in land from Stutesman, did Knox ever   ratify it?   Ratification requires full knowledge of all the facts, and acquiescence in the thing done.   *Middleton v. Railroad,* 62 Mo. 579; *Bank v. Gay,* 63 Mo. 34; 2 Jones on Mortgages [3 Ed.] sec. 964; *Winsor v. Bank,* 18 Mo. App. 665.

*T. J. Johnston,* for respondent.

Where there is evidence produced before the chancellor, sustaining, or sufficient to sustain, the petition, and entitle the plaintiff to the relief granted—especially where such evidence is delivered by witnesses before the chancellor, this court will defer to the judgment of the chancellor so far as the credibility of the witnesses is concerned, and will not disturb his finding.   *Hendrix v. Wood,*   79 Mo. 590; *Ford v. Phillips,* 83 Mo. 528–9; *Judy v. Bank,* 81 Mo. 404–410; *Snell v. Harrison,* 83 Mo. 651–658, and citations; *Hodges v. Black,* 8 Mo. App. 389; *Hill v. Township Board,* 22 Mo. App. 462; *Bank v. Graham,* 88 Mo. 191–196; *Taylor v. Cayce,* 97 Mo. 242.

GILL, J.—This is a suit in equity wherein plaintiff complained that defendant was about foreclosing a certain deed of trust on real estate belonging to plaintiff, whereas the plaintiff had long since paid the debt,

and a decree was asked that the said deed of trust be canceled, and that the note thus paid be delivered up, etc. On a hearing in the circuit court, a judgment was entered in plaintiff's favor and defendant appealed.

In some respects the facts in this case are similar to those in *Sharp v. Knox*, 48 Mo. App. 169, decided by us at last term. Defendant Knox resided in the state of Indiana, and through one Craig he had been for years loaning money in the vicinity of Maryville, Missouri. Craig had general authority to place loans for Knox, as well as full authority to collect the same, whether he had the notes or mortgages in possession or not.

In November, 1886, John A. Stutesman owned forty acres of improved land, but incumbered by a deed of trust in Knox's favor (on account of a loan made by Craig to said Stutesman), which with interest amounted to $400. Craig had another piece of land in the same neighborhood of like amount but unimproved, and for this, Stutesman sought to exchange his incumbered but improved forty. Craig declined to exchange unless he could sell the land thus to be acquired from Stutesman. Plaintiff Mumford then appeared and agreed that if Craig and Stutesman would effect a trade that he (Mumford) would take the incumbered forty thus to be conveyed by Stutesman. Craig priced his unimproved forty acres at $500, while Stutesman placed the value of his at $800, and Mumford was willing to take the Stutesman forty at $800. Now the amount of Knox's incumbrance at that time, as already said, was $400, so that subject to this incumbrance the value of Stutesman's land was put at $400. The difference then between Stutesman's equity in his land and the value of Craig's forty was $100, in the latter's favor.

Now these three parties—Craig, Mumford and Stutesman—perfected an arrangement, which resulted

in Stutesman conveying his forty acres to Mumford, and Craig deeded his forty to Stutesman. And at the time Mumford made a note and deed of trust to Knox (through Craig, of course) for a loan in the sum of $2,200 which it seems was to pay off a debt of $1,400, Mumford owed another party, and $800, he was to pay for the Stutesman land. Unquestionably it was understood that the old loan of Knox to Stutesman was paid off in the transaction, and Craig at the time gave a receipt to that effect purporting on its face to acknowledge for Knox, his principal, payment of the $400 mortgage. He did not deliver up the note and deed of trust for the reason it was in the possession of Knox in Indiana. Although Craig thus received for Knox payment of the $400 loan to Stutesman, he did not report it to Knox, on whose account he received it, nor was the note and deed of trust ever delivered up to Mumford or to Stutesman; and, shortly before this suit was brought, Knox sent the said Stutesman note and deed of trust out to Maryville with instructions to advertise and sell the land so as to liquidate the incumbrance which he claimed had not yet been satisfied. Thereupon, Mumford brought this suit to enjoin the sale and for a decree canceling the incumbrance on his land.

The decisive question is, did the triangular transaction between Craig, Stutesman and Mumford in November, 1886, effect a payment and extinguishment of Knox's mortgage on Stutesman's land, which said land is now owned by plaintiff Mumford. We think it did, and that the judgment of the lower court was for the right party. Although the arrangement and trade of November, 1886, is beclouded somewhat by the testimony of the different witnesses, it yet seems obvious that Mumford paid the Stutesman mortgage, and in this way: Mumford took the forty formerly

owned by Stutesman with the incumbrance of $400 thereon, but at the same time made another note and mortgage to Knox which was intended to, and did, effect a payment of this $400 incumbrance. He, on that day, made to Knox his note and mortgage for $2,200, and it was accepted by Knox and subsequently paid. The consideration of this $2,200 note was made up and consisted of $1,400 owing other parties, together with $400 to Craig individually, and $400 payment of the Stutesman mortgage which was then controlled by Craig as agent for Knox. These last two items amounted to the $800, which was the purchase price of the land bought by Mumford.

The Stutesman debt then was paid in *money*, and not in *land* as contended by defendant's counsel. Hence, then, the point made in defendant's brief to the effect that the payment made to Craig, as Knox's agent, did not bind Knox because made in land, is of no avail here, for the reason that such was not the fact. The Stutesman mortgage was paid off in *money*, not land.

The judgment of the circuit court is affirmed. All concur.